IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TEACHERS INSURANCE AND ANNUITY ASSOCIATION, | § § § | |
| Plaintiff | § § | CIVIL ACTION NO. H-06-1115 |
| vs. | § § | |
| JEFFERY D. HURD, | § § | |
| Defendant | § | |

## AGREED PERMANENT INJUNCTION ORDER

The parties, through their respective counsel, have reached an agreement concerning Teachers Insurance and Annuity Association ("TIAA")'s Verified Complaint and Application for Temporary Restraining Order and Injunctive Relief ("Application") against Defendant, Jeffery D. Hurd ("Defendant") (collectively the "Parties").

The Parties agree Defendant, Jeffery D. Hurd, will follow certain specific obligations, as defined in the TIAA Confidentiality and Nonsolicitation Agreement (the "Agreement"), which is attached as Exhibit "A." Plaintiff alleges Defendant has breached his Confidentiality and Nonsolicitation Agreement, has breached his common law duty not to disclose, use or misappropriate trade secrets, and has committed unfair competition through misappropriation of confidential customer information and data. Defendant denies and disputes the allegations in Plaintiff's Complaint and in the Application, but for purposes of attempting to resolve this matter without protracted litigation, will enter into this agreed Permanent Injunction Order.

It is hereby ORDERED, subject to subsection e of this order, that Defendant, Jeffery D. Hurd, his agents and those acting in concert and participation with Defendant regarding TIAA's

Confidential Information (as defined in Exhibit A, ¶ 6) are immediately commanded to cease, desist, and refrain from committing, engaging in, causing, or inducing the following acts:

    a)     until December 2, 2008, directly or indirectly, or on behalf of any third party, soliciting or attempting to solicit any TIAA customers Defendant directly or indirectly serviced while employed at TIAA;

    b)     until December 2, 2008, directly or indirectly, or on behalf of any third party, soliciting or attempting to solicit any TIAA customers or Prospective Customers (as defined in Defendant's Confidentiality and Nonsolicitation Agreement, ¶ 6, attached hereto as Exhibit "A") whose identities Defendant learned as a result of his employment with TIAA;

    c)     until December 2, 2008, directly or indirectly, or on behalf of any third party, selling or offering to sell any security, retirement, insurance or annuity product or related service to any customer or Prospective Customer (as defined in Exhibit A, ¶ 6) of TIAA that Defendant solicited or attempted to solicit in breach of his obligations under the Confidentiality and Nonsolicitation Agreement (Exhibit A).

    d)     until December 2, 2008, directly or indirectly, or on behalf of any third party, soliciting or attempting to solicit or induce (which shall include but is not limited to, contact or communication in any manner for the purpose of soliciting or inducing) any employee, vendor or independent contractor of, or consultant to, TIAA to leave his or her employment or assignment with TIAA.

It is further ORDERED that:

    e)     nothing in subsections a-d of this order is intended to prevent Defendant from discussing possible employment or prospective business with any customer, Prospective Customer, employee, consultant or independent contractor, who contacts Defendant directly without any solicitation or attempted solicitation of him or her.

It is further ORDERED that Defendant is permanently enjoined from:

    f)     directly or indirectly, or on behalf of any third party, using or disseminating any of TIAA's Confidential Information, as defined in Defendant's Confidentiality and

      Nonsolicitation Agreement (Exhibit A, ¶ 1), unless legally compelled (by deposition, interrogatory, request for documents, subpoena or similar process) to disclose any of the Confidential Information; prior to disclosing the Confidential Information, Defendant shall give TIAA prompt (within ten (10) business days) written notice of the requirement so that TIAA may seek a protective order or other appropriate remedy.

It is further ORDERED that Defendant:

  g)  shall promptly return to TIAA any and all paper documents and materials that contain any of TIAA's Confidential Information (as defined in Exhibit A, ¶ 1), as well as delete any computer files or documents containing TIAA client names, social security numbers, addresses, phone numbers, account numbers in his possession or control;

  h)  shall promptly return to TIAA (or as to any computer documents to delete) any and all TIAA documents, electronic and telephone equipment, credit cards, security badges, and passwords, if any in his possession;

  i)  at its expense, TIAA may request Clint Modesitt or Jefford Englander, independent forensic examiners, to perform an independent forensic computer examination and to perform and certify the deletion of computer files on Hurd's home computer containing TIAA Confidential Information (as defined in Exhibit A, ¶ 1) so they are not recoverable. Hurd will cooperate fully with this independent forensic computer investigation.

This agreed permanent injunction order is not to be construed in any way either as an admission, a finding of liability or a finding of wrongful conduct on the part of Defendant Jeffery D. Hurd. In no event will this agreed injunction extend beyond December 2, 2008.

IT IS SO ORDERED.

SIGNED in Houston, Texas this 5th day of March 2007, at 12:00 p.m. o'clock __.m.

_____
NANCY F. ATLAS
UNITED STATES DISTRICT JUDGE

Agreed:

_____
A. Martin Wickliff, Jr., on behalf of Plaintiff
Teachers Insurance and Annuity Association

_____
Steven M. Stricklin, on behalf of Defendant Jeffery D. Hurd

Case 4:06-cv-01115   Document 69   Filed in TXSD on 03/05/07   Page 5 of 10
Case 4:06-cv-01115   Document 60   Filed 06/01/20..   Page 5 of 10
Case 4:06-cv-01115   Document 1-1   Filed 04/04/200.   Page 23 of 28

## TIAA CONFIDENTIALITY AND NONSOLICITATION AGREEMENT

Teachers Insurance and Annuity Association, its affiliates and related companies (collectively, "TIAA" or the "Company") desire to protect their Confidential Information (as described in Paragraph 1, below). I acknowledge that I am in a position of trust and confidence and possess access to proprietary and trade secrets information and materials that are of the highest level of confidentiality to the Company and that could result in significant competitive harm to the Company if disclosed and/or used by others outside the Company.

In consideration of my at-will employment with TIAA and the compensation and other benefits to be paid to me by TIAA including a discretionary payment of $500.00 to be paid to me on or around 6/15/05, the receipt and adequacy of which I acknowledge and intending to be legally bound, I am entering into this Confidentiality and Nonsolicitation Agreement ("Agreement") to protect TIAA's Confidential Information during and after my employment with the Company. I agree to the following terms and conditions:

1.  (a) I acknowledge and agree that during my employment with TIAA, I will have access to information that is confidential, proprietary, and/or trade secrets of TIAA (collectively, "Confidential Information"). I understand that such Confidential Information may be in any form, and will include all copies, reproductions, summaries, analyses or extracts. Confidential Information may include, but not be limited to:

    i.  Confidential information about previous, current and/or contemplated products and services, confidential know-how, techniques, computer passwords, computer software designs, and hardware configurations, and confidential training, materials, policies and procedures, and research projects;

    ii. Market, financial, trade, and sales information and data, pricing, financial models or formulas, business plans, financial and business forecasts and estimates, account valuation and information about costs and profits;

    iii. The identities of TIAA customers or Prospective Customers, as defined in Paragraph 6 (including but not limited to names, addresses, telephone numbers and/or social security numbers), any account, personal, business, financial and other information pertaining to the customers or Prospective Customers, TIAA customer or Prospective Customer lists in any form, and any information related to the assets and obligations carried in an account by a TIAA customer, a customer's positions and/or account valuation;

123749v.1


EXHIBIT A

 iv. Account, personnel or financial information pertaining to current and former employees of TIAA, business, financial, and other information pertaining to TIAA vendors and independent contractors, and any lists of employees, vendors and/or independent contractors; and

 v. All information that TIAA has a legal obligation to treat as confidential, or that TIAA treats as proprietary, confidential or for internal use only, whether or not owned or developed by TIAA.

(b) "Trade secret" means any technical or non-technical data or other business information, which (i) derives economic value from not being generally known or readily ascertainable through proper means by other persons who can obtain economic value from its use; and (ii) is the subject of reasonable efforts on the part of Company to maintain its secrecy.

(c) Notwithstanding the definition in Paragraph 1, Confidential Information does not include any information that is (i) in the public domain through no fault of mine or (ii) readily and accurately discernable from publicly-available products, literature or other information.

2. I acknowledge that the Confidential Information has been developed by or for TIAA at great expense and that the Confidential Information may be unique and not capable of being duplicated, or may only be acquired by significant effort, time and expense. I acknowledge that TIAA owns all the Confidential Information and that such information is entrusted to me to enable me to conduct the business of TIAA. I further understand that TIAA desires (or is under a legal obligation, in the case of information owned by others) to protect the information's confidential and proprietary nature, and takes, and requires me to take, all reasonable measures to maintain the confidentiality and proprietary nature of the information.

3. I acknowledge that as an employee of TIAA in my position I have or will be exposed to Confidential Information, the direct or indirect disclosure of which to existing and potential competitors of TIAA would place TIAA at a competitive disadvantage and would do damage, monetary or otherwise, to TIAA's business. I acknowledge that the Confidential Information constitutes a protectable business interest of TIAA. I also agree that the obligations not to use or disclose Confidential Information also extend to Confidential Information of the Company's customers or other third parties who have disclosed or entrusted it to the Company or me in the course of the Company's business.

4. I agree that I will not claim ownership of any Confidential Information. I also will not, directly or indirectly, disclose, use, or disseminate during or after my employment with TIAA, on my own behalf or on behalf of any other person, or entity, any Confidential Information, unless: (a) the disclosure is required in the

2

Case 4:06-cv-01115 Document 69 Filed in TXSD on 03/05/07 Page 7 of 10
Case 4:06-cv-0...15 Document 60 Filed 06/01/20 Page 7 of 10
Case 4:06-cv-01115 Document 1-1 Filed 04/04/2006 Page 25 of 28

ordinary course of performing my duties for TIAA and is necessary for me to perform any duties; (b) I am legally compelled (by deposition, interrogatory, request for documents, subpoena or similar process) to disclose any of the Confidential Information provided, however, prior to disclosing the Confidential Information, I shall give TIAA prompt prior written notice of the requirement so that TIAA may seek a protective order or other appropriate remedy. To the extent I am legally compelled to disclose the Confidential Information, I agree to provide only that limited portion of the Confidential Information that is legally required and to exercise reasonable efforts to obtain assurance that confidential treatment will be accorded the Confidential Information.

5. I agree to immediately and fully disclose in writing to the Company all inventions, discoveries, trade secrets, know-how, designs, patterns, marks, names, improvements, works of authorship and other intellectual property conceived or developed in whole or in part by me while employed by TIAA (collectively, "Intellectual Property"). I hereby, and will immediately upon the conception or development of any Intellectual Property, assign to the Company all of my right, title and interest in and to all Intellectual Property (whether or not patentable, registrable, recordable or protectable by copyright and regardless of whether the Company pursues any of the foregoing). If any Intellectual Property falls within the definition of "work made for hire", the copyright of the Intellectual Property will be owned solely and exclusively by the Company. Notwithstanding the foregoing, my obligation to assign to the Company my rights in Intellectual Property will not apply to Intellectual Property that I developed entirely on my own time without using the Company's equipment, supplies, facility or trade secret information, unless the Intellectual Property (A) relates to the Company's business or actual or demonstrably anticipated research or development or (B) results from any work performed by me for the Company. I will bear the burden of proof in establishing that Intellectual Property qualifies for exclusion under this Paragraph.

6. I acknowledge that during my employment, TIAA will provide me with resources that enable me to develop, enhance and maintain account relationships with TIAA's customers and prospective customers. Accordingly, I acknowledge that I will learn personal and confidential information regarding those customers' preferences, requirements and inclinations, which information is needed to perform my job duties and responsibilities. I acknowledge that others and I have identified prospective customers, and I have developed knowledge of them, during my employment with TIAA ("Prospective Customers"). I also acknowledge that the resources are provided at TIAA's expense and the development, maintenance and/or support of the account relationships with TIAA's customers and Prospective Customers are solely for TIAA's benefit. I acknowledge and agree that any account relationships I develop, maintain or support during any employment with TIAA are account relationships that belong solely to TIAA and not to me.

3

Case 4:06-cv-01115   Document 69   Filed in TXSD on 03/05/07   Page 8 of 10
Case 4:06-cv-01115   Document 60   Filed 06/01/20   Page 8 of 10
Case 4:06-cv-01115   Document 1-1   Filed 04/04/2006   Page 26 of 28

7.  I agree that during my employment with TIAA, I will not, directly or indirectly, on my behalf or on behalf of any other person or entity, solicit or induce, or attempt to solicit or induce (which shall include, but is not limited to, contact or communication in any manner for the purpose of soliciting or inducing): (a) any customer or Prospective Customer of TIAA to divert, transfer or otherwise take away any business from TIAA, or (b) any employee, vendor or independent contractor of, or consultant to, TIAA to leave his or her employment or assignment with TIAA.

8.  I agree that during my employment with TIAA, I will not remove any property of TIAA in original or copied form, including, but not limited to, any Confidential Information from TIAA's premises, except as required for me to perform my duties. I agree that I will promptly return to TIAA immediately upon TIAA's request, my acceptance of other employment, or the termination of my employment for any reason, any and all documents and materials that contain, or relate in any way to, any Confidential Information, as well as any other property of TIAA in my possession or control, including, but not limited to, any information relating to TIAA's customers and Prospective Customers, and all TIAA documents, electronic and telephone equipment, credit cards, security badges, and passwords. I further agree that I will permit TIAA to inspect any materials provided by TIAA to me when I accept other employment or otherwise separate from my employment, regardless of where the materials are located.

9.  I further agree that for a period of one year after my employment with TIAA ceases beginning on the date of my termination (the "Proscribed Period"), I will not directly or indirectly, or on behalf of any third party: (a) solicit or attempt to solicit any existing customers I serviced, directly or indirectly, and/or any Prospective Customers or customers whose identities I learned as a result of my employment with TIAA; (b) sell or offer to sell any security, retirement, insurance or annuity product or related service to any customer or Prospective Customer of TIAA that I solicited or attempted to solicit in breach of my obligation hereunder; or (c) solicit or attempt to solicit or induce (which shall include but is not limited to, contact or communication in any manner for the purpose of soliciting or inducing) any employee, vendor or independent contractor of, or consultant to, TIAA to leave his or her employment or assignment with TIAA. I further agree that the purpose of this provision is to prevent the intentional or inadvertent unlawful use of TIAA's Confidential Information, including its trade secrets. Nothing in this Paragraph 9 is intended to prevent me from discussing possible employment or prospective business with any customer, Prospective Customer, employee, consultant or independent contractor, who contacts me directly following termination of my employment on his or her own volition without any solicitation or attempted solicitation of him or her. I understand that nothing in this Paragraph 9 limits my absolute obligation under Paragraph 4 to never use Confidential Information for any other purpose at any time after my employment with TIAA ceases.

4

Case 4:06-cv-01115   Document 69   Filed in TXSD on 03/05/07   Page 9 of 10
Case 4:06-cv-01115   Document 60   Filed 06/01/2006   Page 9 of 10
Case 4:06-cv-01115   Document 1-1   Filed 04/04/2006   Page 27 of 28

10. I represent and warrant that I do not have any agreement with any former employer or other third party that would be breached by my performance of my duties at TIAA or that would limit or otherwise adversely affect my performance of my duties, and that I will not take any action to breach any such agreement while I am employed by TIAA. In any event, I will not use or disclose to TIAA any confidential information that belongs to others. I also agree that I will disclose my obligations under this Agreement to any prospective or future employer or contractor and that my obligations under this Agreement shall survive the termination of my employment with TIAA regardless of the reason for the termination.

11. I understand and agree that any breach of this Agreement may subject me to disciplinary action, up to and including termination of my employment. I also understand and agree that any breach of this Agreement by me will cause immediate irreparable injury to TIAA that cannot be adequately compensated by money damages or whose damages may be difficult to ascertain. If a court of competent jurisdiction or an arbitration panel finds that injunctive relief is appropriate to enforce any provision of this Agreement, I agree that TIAA is entitled to such injunctive relief, in order to prevent a continuing breach or to protect and preserve the status quo pending full resolution of any dispute relating to this Agreement. Under such circumstances, I specifically CONSENT TO THE ISSUANCE OF INJUNCTIVE RELIEF ordering among other things:

   a) That I return to TIAA all records of any kind containing, referring to, or otherwise based on Confidential Information, and that I be prohibited from using or disclosing the records or the information in the records; and

   b) That, for the Proscribed Period, I shall be prohibited from soliciting or attempting to solicit (i) any TIAA customer whom I serviced (directly or indirectly) or any TIAA customer or Prospective Customer whose identity I learned as a result of my employment with TIAA to transfer or otherwise take away business or prospective business from TIAA and/or (ii) any employee, vendor or independent contractor of, or consultant to, TIAA to leave their employment or assignment with TIAA.

12. I understand and agree that if I violate any of the obligations under Paragraph 4, 7, or 9, TIAA will be entitled to an accounting and repayment of all profits, compensation, commissions, remunerations or benefits that I directly or indirectly realized or may realize as a result of, growing out of or in connection with any violation.

13. I understand and agree that in the event of my breach of this Agreement, TIAA may seek interim injunctive relief against me in an appropriate forum. I agree to expedited discovery, including depositions, in connection with any proceeding alleging breach of this Agreement, whether or not the laws of the jurisdiction provide for expedited discovery. Nothing in this Agreement will be construed as

5

Case 4:06-cv-01115   Document 69    Filed in TXSD on 03/05/07   Page 10 of 10
Case 4:06-cv-01115   Document 60    Filed 06/01/2006          Page 10 of 10
Case 4:06-cv-01115   Document 1-1   Filed 04/04/2006          Page 28 of 28

prohibiting the Company from pursuing any other remedies in law or equity available to it from breach or threatened breach.

a. I understand and agree that if I violate Paragraph 4, 7, or 9 of this Agreement, TIAA will suffer irreparable harm and damages that may be difficult to ascertain at the time of the violation, including, but would not be limited to, costs associated with investigating, monitoring, restricting and/or terminating the use of Confidential Information by me in violation of this Agreement, revenue lost from assets diverted or transferred in violation of this Agreement, and costs associated with restoring or repairing TIAA's relationship with customers or Prospective Customers that were solicited in violation of this Agreement.

b. This Agreement and the rights and obligations of the parties hereto shall bind and inure to the benefit of any successor or successors of TIAA, but neither this Agreement nor any rights or benefits hereunder may be assigned by me.

c. In the event that a party to this Agreement brings an action to enforce any provisions of this Agreement, the prevailing party shall be entitled to attorneys' fees and costs incurred to enforce the claim.

d. If any provisions or portion of any provision of this Agreement is found to be invalid or unenforceable, that provision or portion thereof will be enforced to the maximum extent permissible, and the remaining provisions or portions thereof shall remain in full force and effect. I agree that the terms of this Agreement and any disputes arising out of it shall be governed by the laws of the state of New York, excluding its conflict of laws rules.

e. This Agreement shall be effective as of the date written below. I understand and agree that nothing in this Agreement changes my "at-will" employment status, and that either TIAA or I may end the employment relationship at any time, with or without notice or cause, for any reason or no reason at all.

Signed: _____

Printed Name: Jeffrey D. Howard          Date: 05-23-2005

Employee ID Number: 6795

6